Dear Mayor Carpenter:
You have requested an opinion from this office as to whether the Village of Calvin may use public funds to extend a water line eight tenths of a mile beyond its limits to supply water to several homes that do not have water connections. You said the owners of these homes have asked the Village to extend the line because they cannot afford to do so themselves, and the Village would like to extend the lines.
Louisiana Constitution Article VII, Section 14(A) prohibits the donation of public "funds, credit, property, or things of value of the state or any political subdivision." Political subdivisions have been found to have violated this provision if they gave up something of value when they were under no legal obligation to do so.[1] The jurisprudence also makes it clear that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of the transfer of public funds.[2]
Section 14(B) contains an exception to the general prohibition against donating public funds, and allows "the use of public funds for programs of social welfare for the aid and support of the needy." This office has previously found that the exception in Paragraph (B) is operative as long as those assisted through such a program are screened pursuant to objective criteria to insure that they are needy.[3]
Accordingly, the Village of Calvin may not simply extend the water line to private residences outside its limits. It may, however, expend funds to extend the lines through a program established for the aid and support of the needy, provided the program uses objective criteria to determine who is needy. The Village may establish such a program itself or enter into an agreement with an existing program to provide these services.
If you have any further questions, please do not hesitate to contact our office.
With kindest regards, I am
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ________________________________
 DENISE B. FITZGERALD Assistant Attorney General
CCF, JR:DBF:jv
[1] City of Port Allen v. La. Risk Management, 439 So.2d. 399 (La. 1983)
[2] James v. Rapides Parish Police Jury, 113 So.2d 88, (La.App. 2nd Cir 1959)
[3] Atty. Gen. Op. Nos. 00-174, 04-088, 94-157